Filed 4/28/26  P. v. Berry CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G064574 |
| v. | (Super. Ct. No. 99NF2770) |
| ROLAND ALFRED BERRY, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Andre Manssourian, Judge. Affirmed.

Barry L. Morris for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Arlene A. Sevidal, Assistant Attorney General, Robin Urbanski and Brendon Marshall, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Roland Alfred Berry appeals an order denying his petition for resentencing pursuant to Proposition 47 (as approved by voters, Gen. Elec. (Nov. 4, 2014) (Proposition 47)). Although Proposition 47 authorizes a sentence reduction for some felony offenders, the initiative does not apply to the crime for which Berry seeks relief, felony possession of a forged driver's license. We therefore affirm the trial court's denial order.

FACTUAL AND PROCEDURAL BACKGROUND

In 1999, Berry was arrested for unlawfully possessing guns, drugs, a check made out to James A. Sinnena, and a driver's license that contained Berry's photo but bore the name James Alan Sinnena. Berry admitted to the police he intended to use the driver's license to cash the check.

In exchange for the dismissal of seven other charges, Berry pled guilty to two felonies: possessing a fraudulent check (count 2) and possessing a forged driver's license (count 3). (Pen. Code, §§ 476, 470b.)[1] He also admitted having suffered three prior strike convictions and having served two prior prison terms. (§§ 667, subds. (d), (e)(2), 1170.12, subds. (b), (c)(2), 667.5, subd. (b).) Per the terms of Berry's plea agreement, the trial court sentenced him under the Three Strikes law to an indeterminate term of 25 years to life in prison. This court affirmed the judgment on appeal. (*People v. Berry* (June 30, 2003, G030627) [nonpub. opn.].)

Following the passage of Proposition 47 in 2014, Berry petitioned to reduce his convictions to misdemeanors. The trial court granted the

---

[1] Unless noted otherwise, all further statutory references are to the Penal Code.

petition on count 2, but denied it on count 3 and resentenced Berry to the same term of 25 years to life.

On July 8, 2024, Berry filed another Proposition 47 petition to reduce his conviction on count 3 to a misdemeanor, based on California Supreme Court decisions that were issued after his first petition was denied. The trial court recognized the California Supreme Court has interpreted Proposition 47 to include certain theft crimes that are not expressly enumerated in the initiative. However, the trial court determined those decisions had no bearing on Berry's conviction on count 3 for possessing a forged driver's license in violation of section 470b. The court therefore denied Berry's petition.

## DISCUSSION

Berry contends the trial court erred in denying his petition. We disagree.

### I.

#### OVERVIEW OF PROPOSITION 47

"Approved by the voters in 2014, Proposition 47, the Safe Neighborhoods and Schools Act, reduced the punishment for certain theft- and drug-related offenses, making them punishable as misdemeanors rather than felonies. . . . A separate provision of Proposition 47, codified in . . . section 1170.18, subdivision (a), establishes procedures under which a person serving a felony sentence at the time of Proposition 47's passage may be resentenced to a misdemeanor term . . . .'" (*People v. Page* (2017) 3 Cal.5th 1175, 1179 (*Page*).)

"'One of Proposition 47's primary purposes is to reduce the number of nonviolent offenders in state prisons, thereby saving money and focusing prison on offenders considered more serious under the terms of the

3

initiative.'" (*People v. Gonzales* (2017) 2 Cal.5th 858, 870 (*Gonzales*).) To effectuate that purpose, Proposition 47 is to be broadly and liberally construed. (*People v. Romanowski* (2017) 2 Cal.5th 903, 909 (*Romanowski*).) However, courts cannot extend Proposition 47 to defendants who are outside the scope of the initiative. (See, e.g., *People v. Martinez* (2018) 4 Cal.5th 647.)

II.

THE PERTINENT STATUTORY PROVISIONS

Pursuant to section 1170.18, subdivision (a), "A person who, on November 5, 2014, was serving a sentence for a conviction . . . of a felony . . . who would have been guilty of a misdemeanor under [Proposition 47] had [it] been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in [his or her] case to request resentencing in accordance with [s]ections 11350, 11357, or 11377 of the Health and Safety Code, or [s]ection 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by [Proposition 47]." (*Ibid.*)

As explained in *People v. Aguirre* (2018) 21 Cal.App.5th 429 (*Aguirre*), "'Prior to Proposition 47, all forgery offenses were "wobblers," meaning they could be charged and punished either as a felony or a misdemeanor.' [Citations.]

"Proposition 47 amended section 473, the general forgery sentencing statute, so that it now contains two subdivisions. Subdivision (a) preserves the prior 'wobbler' language and states: 'Forgery is punishable by imprisonment in a county jail for not more than one year, or by imprisonment pursuant to subdivision (h) of [s]ection 1170.' (§ 473, subd. (a).) Subdivision (b) spells out exceptions to this general proviso and states in relevant part: 'Notwithstanding subdivision (a), any person who is guilty of forgery relating

4

to a check, bond, bank bill, note, cashier's check, traveler's check, or money order, where the value of the check, bond, bank bill, note, cashier's check, traveler's check, or money order does not exceed nine hundred fifty dollars ($950), shall be punishable by imprisonment in a county jail for not more than one year, except that such person may instead be punished pursuant to subdivision (h) of [s]ection 1170 if that person has one or more prior convictions [for certain violent or serious felonies or for an offense requiring registration as a sex offender pursuant to subdivision (c) of section 290]. This subdivision shall not be applicable to any person who is convicted both of forgery and of identity theft, as defined in [s]ection 530.5.' (§ 473, subd. (b).)" (*Aguirre, supra,* 21 Cal.App.5th at p. 433.)

## III.

### PROPOSITION 47 CASES INVOLVING FORGERY

In *People v. Martinez* (2016) 5 Cal.App.5th 234 (*Martinez*),[2] the court considered whether a felony violation of section 470 for forging a receipt for goods was eligible for reduction to a misdemeanor under Proposition 47. The court ruled: "The plain language of section 473 is clear and unambiguous. Under subdivision (b) of section 473 [as amended by Proposition 47], a forgery conviction is a misdemeanor if the instrument utilized in the forgery is a check, bond, bank bill, note, cashier's check, traveler's check, or money order with a value of $950 or less. If the forgery does not involve one of the seven instruments specified in section 473, subdivision (b), it is a wobbler under subdivision (a) of section 473. Defendant was convicted of a 'receipt for goods' forgery. A 'receipt for goods' is not one of

---

[2] This *Martinez* decision is unrelated to the California Supreme Court's decision in *People v. Martinez, supra*, 4 Cal.5th 647, which is cited above on page 4 and below on page 9.

5

the seven instruments specified in section 473, subdivision (b). Defendant therefore was ineligible to have his 'receipt for goods' forgery conviction designated as a misdemeanor pursuant to section 473, subdivision (b)." (*Martinez*, at p. 241.)

In so ruling, *Martinez* noted there was nothing in the voter information materials indicating Proposition 47 was intended to apply to forgery convictions involving instruments other than those listed in section 473, subdivision (b). (*Martinez, supra,* 5 Cal.App.5th at pp. 242–243.) The court also pointed out that "section 470—the statute that defines forgery—identifies over 50 instruments with which forgery can be committed, including the seven instruments listed in subdivision (b) of section 473. The express identification of those seven instruments in section 473, subdivision (b) excludes from misdemeanor designation forgeries committed with all other instruments. To . . . conclude that 'receipt for goods' forgery convictions are eligible for misdemeanor designation, we would have to insert the term 'receipt for goods' into subdivision (b) of section 473. We decline to do so. Inserting additional language into a statute '"violate[s] the cardinal rule of statutory construction that courts must not add provisions to statutes."'" (*Martinez, supra,* 5 Cal.App.5th at p. 242, fn. omitted.)

The reasoning in *Martinez* was subsequently applied in *People v. Bloomfield* (2017) 13 Cal.App.5th 647 (*Bloomfield*) and *People v. Gollardo* (2017) 17 Cal.App.5th 547 (*Gollardo*) to deny Proposition 47 relief to defendants convicted of forging access cards and narcotics prescriptions, respectively. Based on the wording of section 473, subdivision (b), and the absence of any contrary indication in the voter information materials accompanying Proposition 47, the courts in those cases determined there was no basis to extend the initiative to include felony convictions involving the

6

forgery of instruments other than those listed in subdivision (b) of section 473. (*Bloomfield*, at pp. 652–654; *Gollardo*, at pp. 557–559; see also *Aguirre, supra*, 21 Cal.App.5th at p. 433 [even though there are numerous forgery crimes, "Proposition 47 singled out only 'seven specific instruments for reduced punishment,' and the voters 'signaled their intent *not* to include all forgery offenses in Proposition 47'"].)

IV.

ANALYSIS

Although *Martinez*, *Bloomfield*, *Gollardo*, and *Aguirre* are all on point regarding whether Berry is entitled to relief on his forgery conviction and were cited by the Attorney General in support of the trial court's ruling, Berry does not mention them in his briefing. Instead, he relies on three California Supreme Court decisions—*Gonzales, supra,* 2 Cal.5th 858, *Romanowski, supra,* 2 Cal.5th 903, and *Page, supra,* 3 Cal.5th 1175—that considered whether Proposition 47 applies to offenses *other than forgery*. Like the trial court, we find these three cases inapt.

In *Gonzales*, the Supreme Court considered whether theft by false pretenses constitutes shoplifting under section 459.5, subdivision (a), an offense that was created as part of Proposition 47. (*Gonzales, supra,* 2 Cal.5th at p. 862.) Although shoplifting and theft by false pretenses have different elements, the Supreme Court answered that question in the affirmative because California has long treated those two offenses as variations of the single crime of theft. (*Id.* at pp. 868–869.)

As pointed out in *Bloomfield*, however, unlike the crime of shoplifting, section 473, subdivision (b), the offense at issue here, "does not define a new crime applicable to all forms of theft, but mandates misdemeanor treatment for forgery only when seven specific instruments are

7

involved." (*Bloomfield, supra,* 13 Cal.App.5th at p. 655.) There is nothing in *Gonzales* that supports extending Proposition 47 to forgeries involving other types of instruments. (*Bloomfield,* at p. 655.)

   *Romanowski* and *Page* are also inapposite. In those two cases, the California Supreme Court interpreted Penal Code section 490.2, another crime that was added by Proposition 47, which states: "*Notwithstanding [s]ection 487 or any other provision of law defining grand theft*, obtaining *any property* by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor . . . ." (Pen. Code, § 490.2, subd. (a), italics added.) Reading the italicized language as abolishing distinctions rooted in the type of property stolen, the Supreme Court broadly interpreted Penal Code section 490.2 as applying to the theft of access card account information under Penal Code section 484e and auto theft under Vehicle Code section 10851, even though those crimes are not expressly listed in Penal Code section 1170.18. (*Romanowski, supra*, 2 Cal.5th at pp. 909–910; *Page, supra,* 3 Cal.5th at pp. 1186–1188.)

   However, "Proposition 47's amendment reducing punishment for certain forgery crimes operates differently than section 490.2." (*Bloomfield, supra,* 13 Cal.App.5th at p. 655.) Whereas section 490.2 changed the definition of grand theft in every other provision of law, section 473, subdivision (b) "did not change (or even reference) the definition of forgery but *created* a distinction among forgery offenses for severity of punishment based on the type and value of the instrument used. The Supreme Court's analysis of Proposition 47's effect on theft crimes in *Romanowski* [and *Page*] is consistent with the breadth of the language used in section 490.2, but no such intent appears from the much narrower language of section

473[, subdivision ](b) concerning punishment for forgery." (*Bloomfield,* at p. 655.)

The upshot of *Romanowski* and *Page* is that offenses not included in section 1170.18 may come within the ambit of Proposition 47. (*People v. Martinez, supra*, 4 Cal.5th at p. 652.) "Accordingly, the mere fact that section [470b] is not one of the code sections enumerated in . . . section 1170.18[, subdivision ](a) is not fatal to [Berry's] petition for resentencing on his [forgery] offense. Rather, his eligibility for resentencing turns on whether he is a person serving 'a sentence for a conviction . . . of a felony . . . who would have been guilty of a misdemeanor under [Proposition 47] had [Proposition 47] been in effect at the time of the offense . . . .'" (*Martinez, supra*, 4 Cal.5th at p. 652.)

For the reasons explained above, we conclude Berry is not such a person. Therefore, the trial court properly denied his petition.

DISPOSITION

The trial court's postjudgment order denying Berry's petition for relief under Proposition 47 is affirmed.

GOODING, J.

WE CONCUR:


MOORE, ACTING P. J.


SANCHEZ, J.

9